**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**VALRIELYN GRAHAM**
**PLAINTIFF**


**VERSUS**                                      **CIVIL ACTION NO.**
                                                **14-cv-84-HSO-RHW**


**ROYAL HOSPITALITY SERVICES, LLC.**

**DEFENDANT**

---

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW Plaintiff Valrielyn Graham, and files this Complaint against the Defendant, pursuant to the Fair Labor Standards Act ("FLSA") and the Trafficking Victims Protection Act ("TVPA").

### PELIMINARY STATEMENT

This case is about human trafficking for profit. Over the past few years, Plaintiff and other similarly situated immigrant workers have been systematically defrauded and exploited in the recruitment and hiring process in numerous countries by Defendant. Defendant utilized the promise of a unique opportunity to work in the United States to entrap them into a psychologically coercive and financially ruinous trafficking scheme that subjected the Plaintiff and other similarly situated immigrant workers to exorbitant debt, forced labor, substandard living conditions and substandard wage rates. Once in the United States, Plaintiff and other similarly situated immigrant workers were further abused and exploited by Defendant, who used

a variety of coercive tactics, including the abuse of legal process, isolation, threats of physical violence, and threats of deportation to attempt to control the Plaintiff and other immigrant workers' actions. The United States government has declared the Plaintiff is a victim of human trafficking.

## PARTIES

1.     Plaintiff, Valrielyn Graham, is a national of Jamaica and resides in Biloxi, Mississippi.

2.     Defendant, Royal Hospitality Services, LLC, is a corporation that is incorporated in Louisiana, and may be served through its registered agent Samuel Nikoghosyan, 237 N. Peters Street, 4th Floor, New Orleans, Louisiana 70130. Royal Hospitality appeared in this case prior to severance.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal jurisdiction), 18 U.S.C. section 1595(a)(civil trafficking), and Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 216(b). The Court has supplemental jurisdiction over the state law causes of action asserted in the Complaint pursuant to 28 U.S.C. section 1367 because the state law claims form part of the same case or controversy as the federal law claims.

4.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

5.      Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(a) because some or all Defendant reside, are found, have agents, and/or transact his/her/its affairs in the Southern District of Mississippi.

6.      Venue is also proper in this District pursuant to 18 U.S.C. Section 1965(b) because the ends of justice require that other parties residing in other districts be brought before this Court.

## STATEMENT OF FACTS

7.      Plaintiff is one of many foreign nationals who were trafficked from Jamaica by Defendant in 2008.

8.      Plaintiff held an H-2B visa, which allows U.S. employers to bring foreign nationals to the United States to fill temporary nonagricultural jobs.  These visas are usually valid for one year but can be extended up to three (3) years.

9.      Defendant operated a trafficking scheme to recruit Plaintiff and other immigrant workers from several countries for work in various locations in the United States.

10.     Plaintiff was recruited in the Jamaica by a recruiting company called Nu Krew and promised a job working in the hotel industry in Orlando Florida.

11.     Plaintiff was coerced into signing loan agreements in order to pay for her visa fees.

12.     Plaintiff was misled to believe that her loans could easily be paid with the money she would be making.  Instead, she was placed in a job paying so little she could not afford to pay for her living conditions, much less pay her loans back.

13.     Once in the United States Plaintiff was told to contact RHS for a job.  RHS instructed Plaintiff to travel to Biloxi, Mississippi.  After arriving in Biloxi, Plaintiff was picked up by agents of RHS and told she would be working at the Beau Rivage.

14.     RHS told Plaintiff that RHS would get Plaintiff an H-2B visa which would allow her to continue to work in the United States and that RHS would pay her a good wage.

15.     Believing this, Plaintiff signed a contract with RHS in May 2009.

16.     Defendant RHS never paid or offered to pay for Plaintiff's visa fees as required the federal visa program.  Instead RHS fraudulently misrepresented to Plaintiff that Plaintiff was responsible for payment of those fees.  RHS never provided Plaintiff with an H-2B visa.

17.      Plaintiff worked for RHS from May 2009 to May 2010.

18.      During this time Plaintiff performed work before and after clocking in for the day, including stocking and preparing her cleaning cart.  Further, Plaintiff often was not properly paid minimum wage and/or overtime.

19.     Despite poor living conditions, Plaintiff was charged exorbitant amounts for rent, which RHS deducted directly out of her paycheck.

20.     Plaintiff was certified by the Department of Health and Human Services as a victim of Human Trafficking.

## COUNT I

## THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION

## REQUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)

21.     Plaintiff re-alleges and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

## A.   Authority for a Civil Action

22.     Plaintiff is a victim of the following violations of Title 18, Chapter 77 of the United States Code: 18 U.S.C. Sections 1589, 1590, 1592, and 1594(a) and (b).

23.     As set forth in 18 U.S.C. section 1595(a), Plaintiffs may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in a violation" of these provision.

24.     Defendant were perpetrators of the violations of 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b), and/or knowingly benefitted financially from participation in a venture which they knew or should have known engaged in a violation.

25.     Defendant RHS in coordination with employment agencies in the Jamaica, made false promises of work to Plaintiff in order to traffick him to the United States.  Upon arrival into the United States, Defendant funneled Plaintiff to Biloxi in order to fill their worker requirements to the Beau Rivage.  RHS knowingly participated in this venture by accepting the benefits of Plaintiffs work when it knew or should have known that these workers were illegally trafficked overseas employment agencies who were in violation 18 U.S.C. sections 1589, 1590, 1594(a) and 1594(b).

## B.   Forced Labor (18 U.S.C. § 1589)

26.     Defendant acquired the labor of Plaintiff by means of abuse and threatened abuse of law or legal process and by means of a scheme, pattern, or plan intended to cause Plaintiff to believe that, if she did not perform the labor, she would suffer serious and detrimental harm, including, deportation.

27.     Defendant knowingly benefitted financially from participation in a venture which they knew or should have known was engaged in these acts.  RHS knowingly benefited from this venture by profiting from the Plaintiff's labor and threatening the Plaintiff with deportation and other serious and detrimental harm.

### C.     Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor (18 U.S.C. § 1590)

28.     Defendant aided and abetted the recruitment and transportation of Plaintiff and other foreign nationals for labor and services in violation of 18 U.S.C. sections 1589, 1592, 1594(a), and 1594(b).

29.     Defendant knowingly benefited financially from participation in a venture which they knew or should have known was engaged in these acts.

### D.     Attempt and/or Conspiracy to Violate 18 U.S.C. Sections 1589, and 1590 (18 U.S.C. § 1594(a) and (b)).

30.     Defendant attempted and/or conspired to violate 18 U.S.C. Sections 1589 and 1590 in violation of 18 U.S.C. Section 1594(a) and (b).

31.     Defendant conspired with overseas employment agencies to profit off the labor of Plaintiff and other foreign nationals.

32.     Defendant knowingly benefited financially from participation in a venture which the Defendant knew or should have known was engaged in these acts.

### E.     Damages

33.     As a proximate result of the conduct of Defendant, Plaintiff has suffered injuries to her persons and property along with other damages.

### COUNT II.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34.     Plaintiff is a non-exempt employee and is subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wages and overtime pay for all hours over forty (40) hours worked in a given week.

35.     The Fair Labor Standards Act requires that employees be paid minimum wages and overtime compensation at a rate not less than one and one-half (1 ½) times minimum wage rates or their regular rate of pay if it is higher.  29 U.S.C. § 207(a).

36.     Plaintiff has not been paid minimum wages and/or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular pay.

37.     The acts of Defendant RHS constitute a willful intentional violation of the Fair Labor Standards Act.

## DAMAGES

38.     WHEREFORE, Plaintiff requests the following relief:

      a.      Compensatory damages;

      b.      Overtime pay and minimum wages;

      c.      Liquidated damages;

      d.      Punitive damages;

      e.      Attorney fees and costs; and

      f.      Such other relief as the Court deems just and appropriate.

THIS, the 26th day of March, 2014.

Respectfully submitted,

/s/ Benjamin Ruemke_____

Benjamin Ruemke
Ryan Hicks

Peter Schneider
SCHNEIDERWALLACE
COTTRELL KONECKY, L.L.P.
3700 Buffalo Speedway # 1100
Houston, Texas 77098
Telephone: 713-338-2560
Fax: 866-505-8036
pschneider@schneiderwallace.com
rhicks@schneiderwallace.com
bruemke@schneiderwallace.com
*Admitted Pro Hac Vice*

Joseph C. Peiffer
FISHMAN HAYGOOD PHELPS
WALMSLEYWILLIS &
SWANSON, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5252
Fax: 504-586-5250
jpeiffer@fishmanhaygood.com
*Admitted Pro Hac Vice*

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that I filed this document on March 26, 2014 using the CM-ECF system, which will electronically notify all parties.

___/s/ Benjamin Ruemke___